IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CLEMENT J. WELLS, # 23792, <br> aka CLEMENT JEREMIAH WELLS, <br><br> Plaintiff, <br><br> vs. <br><br> KRISTOPHER PANKEY, and <br> OFFICER JENKINS, responding <br> back up officer, <br><br> Defendants. | Case No.: 4:24-cv-4899-JD-TER <br><br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers (DE 28), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Clement J. Wells, #23792, aka Clement Jeremiah Wells ("Plaintiff" or "Wells") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Wells, proceeding *pro se*, sued Defendants Kristopher Pankey ("Pankey") and Officer Jenkins ("Jenkins") (collectively "Defendants") under 42 U.S.C. § 1983, alleging violations of his rights under the First, Fifth, Eighth, Thirteenth, and Ninth Amendments. (DE 1 at 5.)

On October 4, 2024, the Court issued a service order, and summonses were prepared for both Defendants. (DE 12, 14.) The summons for Jenkins was returned unexecuted, while the summons for Pankey was returned executed. (DE 16, 17.) On January 21, 2025, the Court ordered Plaintiff to provide additional information to facilitate service on Jenkins and warned that failure to comply could result in Jenkins being dismissed without prejudice. (DE 18.) Plaintiff did not respond, and the order was returned as undeliverable with the notation "released." Plaintiff has not provided an updated address, despite a prior directive to do so. (DE 6.)

Subsequently, the Court issued a second order directing Plaintiff to provide sufficient information to serve Jenkins and to submit a status update regarding his claims against Pankey. (DE 23.) Plaintiff was again warned that failure to comply could result in dismissal without prejudice. This order was also returned as undeliverable. (DE 27.) Plaintiff has failed to respond or to update his address with the Court.

### B. Report and Recommendation

On March 13, 2025, the Magistrate Judge issued the Report recommending Plaintiff's claims be dismissed for failure to prosecute under Rule 41, Fed. R. Civ. P. (DE 28.) The Report stated:

> In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. He was first warned that if he missed a deadline set by the court because he failed to provide the court with an updated address, his case may be dismissed. He was then warned on two occasions that failure to comply with court orders could result in dismissal of his claims without prejudice. Plaintiff has not complied with any of the directives set forth above. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to comply with at least three court orders.

(DE 28 at 3.) Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 28) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims are dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Florence, South Carolina
May 2, 2025

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4